FALCONER et al. v. MILLER et al.

(Circuit Court of Appeals, Second Circuit. April 4, 1899.)

No. 149.

CUSTOMS DUTIES—HAIRCLOTH GOODS.

Women's and children's dress goods manufactured of hair imported between April 30, 1874, and June 24, 1874, were dutiable under Tariff Act, July 14, 1870, § 21, as amended January 30, 1871, prescribing the duty on "hair-cloth known as crinoline cloth, and all other manufactures of hair not otherwise herein provided for."

In Error to the Circuit Court of the United States for the Southern District of New York.

W. B. Coughtry, for plaintiffs in error.

Henry C. Platt, for defendants in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This case presents but a single question. The plaintiffs imported into the port of New York, at various times between April 30, 1874, and June 24, 1874, women's and children's dress goods manufactured of hair, and the importations were subjected to duty under the provisions of the tariff act of March 2, 1867, imposing duty upon "women's and children's dress-goods * * * composed wholly or in part of wool, worsted, the hair of the alpaca goat and other like animals." The question is whether they were dutiable under this provision, or under a provision of the tariff act of July 14, 1870 (as amended January 30, 1871), prescribing the duty on "hair-cloth known as crinoline cloth, and all other manufactures of hair not otherwise herein provided for."

Our decision in Dieckerhoff v. Miller, 93 Fed. 651, determines this case in principle. In that case, as in this, there was a provision in the earlier tariff act more specifically descriptive of the importations than the provision in the later act, but we held that they should have been classified under the provision of the later act, because congress intended by that act to prescribe the duty upon the entire class of articles of which they were a variety, exclusive of any exceptions not mentioned in the act itself. In this case they are "dress goods" specially enumerated in the earlier act; in the other case they were "bindings, braids and buttons," specially enumerated in the earlier act. As they were also manufactures of hair, and the later act was intended to establish the duty on all articles of that description, except such as were otherwise provided for by its own terms, they were dutiable under the provisions of the later act. Some observations in the opinion in Arthur's Ex'rs v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, are relied upon by the defendants in error as inferentially suggesting that the court would not have decided that case as it did if the facts had been like those in this case; but these observations were not addressed to the point, and a careful reading of the opinion satisfies us that the rule of that case extends to the facts of the present case. As the court below directed a verdict for the defendants upon the theory that the goods were properly classified, the judgment must be reversed.